# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES EDMONDSON, | ) | |
| Petitioner, | ) | 3:04-cv-00452-ECR-VPC |
| vs. | ) | **ORDER** |
| CRAIG FARWELL, *et al.*, | ) | |
| Respondents. | ) | |

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

On September 1, 2006, the Court denied the habeas petition in its entirety. (ECF No. 20). Judgment was entered on September 5, 2006. (ECF No. 21). Petitioner appealed. (ECF No. 22). On December 19, 2006, the United States Court of Appeals for the Ninth Circuit entered an order denying petitioner's request for a certificate of appealability, and denying all motions and requests related to the appeal. (ECF No. 30).

**I. Successive Petition**

On January 27, 2012, over 5 years after the denial of the petition and dismissal of the appeal, petitioner has filed a "re-application for petition of writ of habeas corpus." (ECF No. 32). The Court

construes petitioner's January 27, 2012 filing as a successive petition. Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). The instant petition is a successive petition, which requires petitioner to seek and obtain leave of the Ninth Circuit Court of Appeal to pursue. *See* 28 U.S.C. § 2244(b)(3) *et seq*. The petitioner has not presented this Court with proof that he has obtained leave to file a successive petition from the Court of Appeals. Therefore, the petition will be dismissed. Moreover, to the extent that petitioner may obtain leave to file a successive petition, such petition must be opened as a new case, not a continuation of the instant case, which has been closed for years.

## II. Certificate of Appealability

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for

issuance of a certificate of appealability, and determines that none meet that standard. The Court therefore denies petitioner a certificate of appealability.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that this petitioner's "re-application for petition of writ of habeas corpus" (ECF No. 32) is **DISMISSED** with prejudice as a successive petition.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

Dated this 31st day of January, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE